# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL EUGENE DARVIN #252354,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 3:23-cv-00373 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **CORRECTIONAL DEVELOPMENT** ) | |
| **CENTER/MALE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Plaintiff Michael Eugene Darvin filed this pro se civil rights case under 42 U.S.C. § 1983. He is currently confined at Bledsoe County Correctional Complex (BCCX), and before that, he was confined at the Male Correctional Development Center (CDM) operated by the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee. In a prior Order, the Court directed Plaintiff to submit a signed complaint and resolve the filing fee. (*See* Doc. No. 9). Plaintiff complied with this direction by submitting a third amended complaint (Doc. No. 13) and a properly completed application to proceed as a pauper. (Doc. No. 14). The third amended complaint is now the operative complaint in this case, so the Court will refer to it as the "Complaint" going forward. This case is before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case will be **DISMISSED** for failure to state a claim.

## I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil case without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper shows that he cannot pay the full filing fee in advance. (*See* Doc. No. 14 at 4). Accordingly, Plaintiff's application will be **GRANTED**, and he will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

## II. INITIAL REVIEW

The Court must review the Complaint and dismiss any part that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court must also hold this pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Allegations

This case concerns the food served to Plaintiff at CDM and Plaintiff's access to courts at BCCX. The Complaint names three Defendants: CDM, Aramark Food Services, and the Tennessee Department of Correction (TDOC). (Doc. No. 13 at 1–3). And by naming CDM, Plaintiff also seems to be attempting to name a fourth Defendant: DCSO. (*See id.* at 3 ("I've cited the 8th Amendment against Aramark, Davidson Co. Sheriff's Office, and the Criminal Detention Center (Male) concerning food contamination . . . .")). Liberally construing the Complaint in Plaintiff's favor, he alleges as follows.

1. <u>Food Served at CDM</u>

Aramark and DCSO/CDM served Plaintiff "unwholesome poultry." (*Id.* at 4). Specifically, from November 19, 2022, to December 25, 2022, Plaintiff ate deli meat provided by Aramark that contained "bone fragments" and soybeans. (*Id.* at 4–5). Aramark is required to undergo yearly inspections of its meat byproducts, and DCSO/CDM has failed to report the results of those required inspections. (*Id.* at 11).

On one occasion, Plaintiff choked on the meat provided by Aramark. (*Id.* at 4). He also experienced bloating, diarrhea, and an allergic reaction. (*Id.* at 4–5). Plaintiff's allergy symptoms included sore throat, swollen gums, an external rash (on his forehead and throat), an internal rash (inside his throat), and a cyst in the back of his mouth. (*Id.* at 4–5, 11). The cyst "drained by itself

during three treatments of antibiotics," though Plaintiff still has a rash on his forehead and torso. (*Id.* at 5). Plaintiff also had a "flare up" of Hepatitis C, for which he is now receiving treatment at BCCX. (*Id.*).

2. <u>Access to Courts at BCCX</u>

On January 6, 2023, BCCX officers threw away Plaintiff's legal work and his attorney's business card. (*Id.* at 4, 11–12). An intake officer at BCCX tried to take a "contraband package" in Plaintiff's possession that contained "bone fragments" he was keeping as evidence for a Section 1983 case against Aramark and DCSO/CDM. (*Id.* at 12). Another BCCX officer attempted to intimidate Plaintiff by shoving him and issuing ill-fitting clothes. (*Id.*) The efforts of the BCCX officers impeded Plaintiff's ability to litigate his criminal case and file a civil case regarding his conditions of confinement. (*Id.* at 4, 11–12). Plaintiff alleges that he was "prevent[ed] . . . from litigating under the statu[t]e of time barred." (*Id.* at 4).

**B. Legal Standard**

To conduct the required initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

**C. Analysis**

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).

1. <u>Improper Defendants</u>

Three of the four Defendants are not proper parties to a lawsuit under Section 1983. The TDOC, for example, is an administrative department of the State of Tennessee, and is therefore "not a 'person' within the meaning of § 1983." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Likewise, CDM is a building operated by DCSO, and both buildings and sheriff's departments "are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases for this proposition with regard to "police departments and sheriff's departments"); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases for this proposition with regard to "prison facilit[ies]"). Davidson County *itself* may be subject to suit under Section 1983, and the Court will liberally construe the Complaint to consider whether Plaintiff has stated such a claim below. *See Kirk v. Calhoun Cnty., Mich.*, No. 19-2456, 2021 WL 2929736, at *7 (6th Cir. July 12, 2021) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("A plaintiff can bring a § 1983 claim against a municipality when 'the [municipal] action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'")). But as a matter of law, these three Defendants (TDOC, CDM, and DCSO) are not proper defendants to a Section 1983 claim, so they will be dismissed as parties.

2. <u>Lack of an Alleged Policy or Custom</u>

That leaves Aramark Food Services and Davidson County—both potentially viable defendants to a Section 1983 claim. *See id.*; *Hull v. Davidson Cnty. Sheriff's Off.*, No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Apr. 3, 2017) (concluding that a private entity

contracted to provide food services to inmates is a state actor for Section 1983 purposes). But these entities "are not vicariously liable under § 1983 for their employees' actions." *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (collecting cases). Therefore, to state a Section 1983 claim against either entity, Plaintiff must allege that (1) he experienced a violation of his constitutional rights and (2) the violation was directly caused by a "policy or custom" of that particular entity. *See Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92) (municipality); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (private entity)).

Here, even liberally construing the Complaint in Plaintiff's favor, the Court cannot reasonably infer that a policy or custom of Aramark Food Services or Davidson County directly caused Plaintiff to suffer a constitutional violation. Neither of these entities, moreover, have any plausible connection whatsoever to the alleged actions of the staff members at BCCX after Plaintiff's transfer from CDM. Accordingly, Plaintiff fails to state a Section 1983 claim against Aramark Food Services and Davidson County.

3. Possible State-Law Claims

Finally, the Court notes that Plaintiff cites several state laws in relation to his allegations that he was served harmful food at CDM. (Doc. No. 13 at 13). To the extent that Plaintiff seeks to raise any claims arising under state law, he cannot pursue those claims under Section 1983. *See Joseph v. Curtin*, 410 F. App'x 865, 869 (6th Cir. 2010) (citing *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Without a deprivation of some federal right, § 1983 generally provides no redress for claims under state law.")). And because the Court is dismissing Plaintiff's Section 1983 claims, the Court will decline to exercise supplemental jurisdiction over

5

any possible state-law claims. Any such claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For these reasons, Plaintiff will be **GRANTED** pauper status, this case will be **DISMISSED** for failure to state a claim, and any possible state-law claims will be **DISMISSED** without prejudice as a result of the Court declining to exercise supplemental jurisdiction.

An appropriate Order shall enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE